IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JAMARD ADAMS**                                                                                       **PETITIONER**
Reg. #26826-076

V.                             CASE NO. 2:19-CV-38-KGB-BD

**CHARLES HENDRIX, Warden,**
Federal Correctional Institution-Low,
Forrest City, Arkansas, UNITED
STATES DEPT. OF JUSTICE                                                      **RESPONDENTS**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Either party may file written objections with the Clerk of Court within 14 days. Objections should be specific and should explain the factual or legal basis for the objection.

By not objecting, parties may waive the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.     Introduction:**

Jamard Adams, an inmate at the Federal Correctional Complex in Forrest City, Arkansas, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the Bureau of Prison's ("BOP") calculation of his sentence. (Docket entry #1) Specifically, Mr. Adams contends that, under the First Step Act of 2018, he is entitled to good-time credit and asks the Court to "compel the U.S. Government to apply the

necessary credits to the currently imposed sentence at a rate of (7) days per year sentenced as outlined by Congress in the First Step Act." (#1 at 5) Defendant Hendrix has responded to the petition. (#5)

### III. Background:

On November 21, 2013, Mr. Adams was federally indicted in the Western District of Tennessee. *United States v. Adams*, No. 2:13-CR-20364-STA-1 (W.D. Tenn.) (#1). He pleaded guilty on September 25, 2014, to the felon-in-possession-of-a-firearm charge, and the Government agreed to dismiss a second count. 18 U.S.C. §§922(g)(1). *Id*. (#23) (plea agreement). Mr. Adams was sentenced on January 14, 2015, to 84 months' imprisonment in the BOP, to be followed by three years' supervised release. (#29, #30) (Judgment). He was received into the BOP on March 23, 2015, and his expected release date is October 20, 2020. (#5-1 at 2, 6-8).

### IV. Department of Justice:

As an initial matter, Mr. Adams has improperly named the Department of Justice as a respondent. A habeas petitioner challenging his present physical confinement, as Mr. Adams does, must name his current custodian as respondent. Here, the only proper respondent is the warden of the facility where Mr. Adams is confined; that is, Warden Hendrix. See 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

### V. Discussion:

A.   Exhaustion of Administrative Remedies

Prisoners are generally required to exhaust their administrative remedies before filing a petition pursuant to § 2241. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir.

2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (*per curiam*). Administrative exhaustion in this context "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. (#5-1 at 2) If the inmate is dissatisfied with the result of the informal process, he may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden; then to the Regional Director; and last, to the Office of General Counsel. (*Id*. at 2-3) "A prisoner's administrative remedies are not considered exhausted until his grievance has been filed and denied at each step." *Bullock v. Beasley*, No. 2:18-CV-84-BSM-BD, slip op. at 2 (E.D. Ark. 2018); 2019 WL 4997676, at *2. "Exhaustion, however, is not required if it would be futile." *Id*. (citing *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), *cert. denied*, 552 U.S. 1121 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies, because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional")).

Respondent Hendrix concedes that Mr. Adams has filed an administrative grievance but notes that the grievance concerned a disciplinary hearing from March of 2019, not a request for relief under the First Step Act. (#5 at 1, #5-1 at 11) According to Warden Hendrix, Mr. Adams has not even begun to pursue an administrative remedy regarding the First Step Act and has, by no means, exhausted the process.

3

In support of his response to the petition, Warden Hendrix offers the declaration of Bridgette Bass who, as secretary to the Associate Warden, has reviewed Mr. Adams's administrative file. (#5-1) Ms. Bass testifies that Mr. Adams had filed only one Administrative Remedy Request as of April 23, 2019. That request concerned a March 2019 disciplinary hearing. (#5-1 at 4)

Warden Hendrix also attaches a SENTRY Administrative Remedy Generalized Retrieval Report, which also shows that Mr. Adams's only grievance concerned the above-mentioned disciplinary hearing. There is no evidence showing that Mr. Adams ever sought administrative relief under the First Step Act. (*Id.* at 11) Mr. Adams has not responded to Respondent's exhaustion argument.

Accordingly, because Mr. Adams has not rebutted the Respondent's evidence showing that he has not yet exhausted his administrative remedies, his habeas petition should be dismissed, without prejudice, for that reason alone.

B.    First Step Act

Even if lack of exhaustion did not preclude relief, Mr. Adam's request should still be dismissed, as premature. The First Step Act was enacted by Congress on December 21, 2018. See First Step Act, Pub. L. No. 115-391 (2018); 18 U.S.C.A. 3624. The Act gives the Attorney General 210 days to develop a plan for its implementation. 18 U.S.C.A. §3632(a). Whether Mr. Adams will be eligible for relief under the First Step Act is an issue that is not yet ripe for review. See *Chapman v. United States Justice Dept.*, No. 2:19-CV-36-JM-JTR (E.D. Ark. April 19, 2019); 2019 WL 2030550, at *2 (internal citations omitted).

## VI.     Conclusion:

The Court recommends that Mr. Adams's habeas petition be DISMISSED, without prejudice, because his request for habeas corpus relief is premature.

DATED this 20th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE